Anjelia Sarian ANJELIA;  Grigor Babayan, Petitioners,

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

Nos. 05–72911, 05–73276.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

See also 32 Fed.Appx. 976.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Shawn Sedaghat, Esq., Law Offices of Shawn Sedaghat, Hollywood, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Russell J.E. Verby, Esq., Anthony P. Nicastro, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Anjelia Sarian Anjelia, a native of Bulgaria and citizen of Armenia, and her husband, Grigor Babayan, a native of Iran and citizen of Armenia, petition for review of a Board of Immigration Appeals ("BIA") order denying Sarian's motion to reopen to apply for adjustment of status and a BIA order denying Babayan's motions to reopen to apply for adjustment of status and to reapply for asylum based on changed circumstances. We dismiss in part, deny in part and grant in part the petitions for review and remand for further proceedings.

■ We lack jurisdiction to review the BIA's decision not to invoke its *sua sponte* authority to reopen proceedings under 8 C.F.R. § 1003.2(a). *See Ekimian v. INS,* 303 F.3d 1153, 1159 (9th Cir.2002).

■ The BIA did not abuse its discretion in denying Babayan's motion to reopen to reapply for asylum based on changed circumstances affecting Jehovah's Witnesses in Armenia because Babayan failed to demonstrate that the agency's prior adverse credibility determination was in error. *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003) (holding that a motion to reopen must establish a prima facie case demonstrating "a reasonable likelihood that the statutory requirements for relief have been satisfied").

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

The BIA failed to address the petitioners' claims that the deadlines for filing their motions to reopen to apply for adjustment of status should have been equitably tolled. *See Sagaydak v. Gonzales,* 405 F.3d 1035, 1040 (9th Cir.2005) ("[t]he BIA [is] not free to ignore arguments raised by a petitioner"). We remand for the BIA to address these claims in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

Petitioners' remaining contentions are without merit.

No. 05–72911: **PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

No. 05–73276: **PETITION FOR REVIEW DISMISSED in part; DENIED in part; GRANTED in part; REMANDED.**